## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEWELRY REPAIR ENTERPRISES, INC. | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| QUICK FIX JEWELRY, INC. and | ) | |
| ARTIN HITIK | ) | |
| | ) | |
| **Defendants.** | ) | |

### COMPLAINT

Plaintiff Jewelry Repair Enterprises, Inc. ("JRE"), by James D. Roberts and John Chen of Chen Nelson Roberts Ltd., its attorneys, states the following for its complaint against Defendants Quick Fix Jewelry, Inc. ("Quick Fix") and Artin Hitik ("Hitik"):

### THE PARTIES

1.     JRE is a corporation incorporated under the laws of Pennsylvania.  JRE's principal place of business is located in Florida.

2.     On information and belief, Quick Fix is a corporation incorporated under the laws of Illinois.  On information and belief, Quick Fix's principal place of business is located at 410 Stratford Square Mall, Bloomingdale, Illinois, 60108.

3.     On information and belief, Hitik is Quick Fix's President and Registered Agent. On information and belief, Hitik is an Illinois citizen, who resides in Schaumburg, Illinois.

### JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter pursuant to the trademark laws of the United States, 15 U.S.C. §1051, et seq., and pursuant to 28 U.S.C. §1331 and §1338.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that both

defendants reside in this district, and a substantial part of the events giving rise JRE's claims occurred in this District.

<u>FACTS</u>

6.      JRE is engaged in the business of marketing and franchising jewelry repair stores that provide expert jewelry and watch repair products and services under the name "Fast-Fix Jewelry and Watch Repairs."

7.      JRE owns three federally registered trademarks for "FAST-FIX JEWELRY REPAIRS", evidenced by U.S. Trademark Registration Numbers 2,378,790; 2,348,361; and 2,342,938.   JRE owns three additional federal registrations for "FAST-FIX JEWELRY AND WATCH REPAIRS", evidenced by U.S. Trademark Registration Numbers 3,569,301; 3,048,421; and 3,067,269.   "FAST-FIX JEWELRY REPAIRS" and "FAST-FIX JEWELRY AND WATCH REPAIRS" are collectively referred to as the "Marks" in this Complaint.

8.      JRE has over 160 franchised locations displaying the Marks throughout the United States and Canada.

9.      JRE's franchised locations are typically located in shopping center and shopping malls.

10.      In Illinois, JRE has franchised locations at Woodfield Mall in Schaumburg, Spring Hill Mall in West Dundee, Westfield Chicago Ridge Mall in Chicago Ridge and Westfield Hawthorn Center in Vernon Hills.

11.      Through JRE's efforts, the Mark has been the subject of substantial and widespread promotion for many years and is widely identified as distinguishing the jewelry and watch repair and related services JRE's franchises offer to the public.

12.      JRE has developed extensive goodwill in its Marks and has expended large amounts of time, effort, and money to do so.

13.     The Defendants are operating a jewelry and watch repair business bearing the name "QUICK FIX JEWELRY" in Stratford Square Mall in Bloomingdale, Illinois.

14.     Defendants are collectively engaged in services similar to JRE and its franchises, because like JRE they also provide on-site jewelry and watch repair and related services and products at their store located in the Stratford Square Mall.

15.     The use of the trade name "QUICK FIX JEWELRY" by Defendants for directly competing services and goods is likely to cause confusion, mistake or deception in the consuming public as to the affiliation, connection or association of JRE with Defendants and as to the origin, sponsorship or approval of Defendants' products and services by JRE.

16.     Counsel for JRE contacted Defendants in writing on October 22, 2009, and December 2, 2009 requesting that Defendants cease all use of QUICK FIX JEWELRY and their infringement of JRE's Marks.

17.     Defendant acknowledged JRE's ownership of the federally registered trademarks and indicated that Defendants would comply with JRE's request to cease use of Defendants' infringing marks in a December 8, 2009 phone call, and written correspondence dated December 18, 2009 and January 11, 2010.

18.     JRE's counsel contacted Defendant in writing on December 14, 2009, December 22, 2009, and January 15, 2010 to acknowledge receipt of Defendant's letters agreeing to cease using and otherwise infringing on JRE's Marks and reiterated the demand for Defendant to cease infringement on JRE's Marks.

19.     JRE's counsel sent a final demand letter to Defendants on March 4, 2010 to request that Defendants cease their infringement on JRE's Marks.

20.     Defendants' counsel responded by requesting that Defendants be allowed

3

additional time to cease their infringement on JRE's Marks.

21.     JRE responded to Defendants' counsel, again demanding that Defendants cease their infringement on JRE's Marks.

22.     Defendants' counsel again responded by requesting that Defendants be allowed additional time to cease their infringement on JRE's Marks.

23.     As of the date of this Complaint, Defendants continue to use the trade name "QUICK FIX JEWELRY" and continue to infringe upon the trademark rights of JRE.

24.     Defendants' use of the trade name "QUICK FIX JEWELRY" is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with JRE, or as to the origin, sponsorship, or approval of Defendants' services by JRE.

## COUNT I
## FALSE DESIGNATION OF ORIGIN AND TRADEMARK INFRINGEMENT
## UNDER SECTION 43(a) OF THE LANHAM ACT

25.     JRE restates and realleges Paragraphs 1 through 24 as if fully set forth herein.

26.     This is an action for false designation of origin and infringement of JRE'S Marks, which are federally registered service marks and trademarks, under Lanham Act §43(a) (15 U.S.C. §1125(a)).

27.     JRE's Marks include U.S. Trademark Registration Nos. 2,342,938; 2,348,361; and 2,378,790 for the mark "FAST-FIX JEWELRY REPAIRS," and U.S. Trademark Registration Nos. 3,048,421; 3,067,269; and 3,569,301, for the mark "FAST-FIX JEWELRY AND WATCH REPAIRS," all registered on the Principal Register of the United States Trademark Office, as well as common law trademark rights in and to the Marks.

28.     Defendants later use of JRE's Marks constitutes a false designation of origin which is likely to deceive customers and prospective customers of JRE into believing that

Defendants' services are that of JRE, and as a consequence, is likely to divert customers away from JRE in violation of §43(a) of the Lanham Act (15 U.S.C. §1125(a)).

29.     Defendants have willfully infringed on JRE's federally registered Marks for "FAST-FIX JEWELRY REPAIRS" and "FAST-FIX JEWELRY AND WATCH REPAIRS" by using without JRE's consent the confusingly similar and deceptive trade name "QUICK FIX JEWELRY" on directly competing products and services, with Defendants' actual knowledge of JRE's prior, extensive and continuous use of its Marks.

30.     As a result of Defendants' later use of the confusingly similar marks, the Defendants have infringed JRE's Marks under §43(a) of the Lanham Act (15 U.S.C. §1125(a)).

31.     Defendants' false designation of origin and acts of trademark infringement have caused and are continuing to cause irreparable injury to JRE's reputation which JRE has established over the years and unless the Defendants use of the confusingly similar marks is enjoined, Defendants will continue these acts to the detriment of JRE.

**WHEREFORE**, Plaintiff Jewelry Repair Enterprises, Inc. respectfully requests the entry of judgment in its favor and against and against Defendants Quick Fix Jewelry, Inc. and Artin Hitik as follows:

A.      That Defendants and any related corporate parents, shareholders, subsidiaries and affiliates, and each of their respective officers, directors, shareholders, agents, servants, attorneys, employees, all successors and assignees in interest and those persons in active concert of participation with Defendants be, during the pendency of this action, and thereafter permanently enjoined and restrained from:

a.      using or making any false or misleading representation of fact, including but not limited to any representation, either express or implied, that Defendants, their

predecessors, affiliates or anyone associated therewith is associated with the Mark

"FAST-FIX JEWELRY REPAIRS";

b.      using in any manner the phrase "QUICK FIX JEWELRY" or any other trademark

or trade designation that is likely to cause consumer confusion as to source or

affiliation, to market and promote its jewelry and watch repair and related

services; and

c.      infringing any trademark of Jewelry Repair Enterprises, Inc.;

B.      That this Court, pursuant to its authority under 15 U.S.C. §1118, order that all

labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of

defendants and any related corporate parents, shareholders, subsidiaries and affiliates, and each

of their respective officers, directors, shareholders, agents, servants, attorneys, employees,

successors and assigns, and any and all persons, firms, associates incorporations, wholly or

acting by, through, or under Defendants, or in aid or in conjunction with Defendants, and those

in privity therewith, which represent, either expressly or implicitly, that Defendants' confusingly

similar and deceptive mark "QUICK FIX JEWELRY" is associated with the Marks "FAST-FIX

JEWELRY REPAIRS" and "FAST-FIX JEWELRY AND WATCH REPAIRS" be delivered up

and destroyed;

C.      That Jewelry Repair Enterprises, Inc. recover all actual damages caused by

Defendants' conduct as alleged herein;

D.      That this Court award to Jewelry Repair Enterprises, Inc. the maximum amount of

damages allowable under the Lanham Act, 15 U.S.C. §1051 *et seq.*, including but not limited to

treble damages;

E.      That Jewelry Repair Enterprises, Inc. be awarded all of its costs and expenses in connection with this action, including its reasonable attorneys fees; and

F.      That this Court award Jewelry Repair Enterprises, Inc. such other and further relief, both general and special, at law and in equity, to which Jewelry Repair Enterprises, Inc. is justly entitled and which this Court deems just, equitable and proper.

**COUNT II**
**FALSE ADVERTISING**
**UNDER SECTION 32 OF THE LANHAM ACT**

32.      JRE restates and realleges Paragraphs 1 through 24 as if fully set forth herein.

33.      Through the actions alleged herein, JRE is informed and believes, and based thereon, alleges that Defendants have willfully and intentionally violated §32(1)(b) of the Lanham Act, 15 U.S.C. §1114(1)(b), by copying or colorably imitating the registered Marks for "FAST-FIX JEWELRY REPAIRS" and "FAST-FIX JEWELRY AND WATCH REPAIRS" through the use in commercial advertising or promotions of the confusingly similar and deceptive trade name "QUICK-FIX JEWELRY."

34.      Defendants' actions are without the permission or authority of JRE, and are likely to cause confusion, to cause mistake, and to deceive as to an affiliation, connection or association between JRE and Defendants.

35.      Defendants are and have been falsely and misleadingly representing to the relevant consuming public, including JRE's customers and potential customers, by way of commercial advertising and otherwise, that the Defendants' commercial establishments are associated with the Mark "FAST-FIX JEWELRY REPAIRS," when in fact they are not.

36.      Defendants' false and misleading descriptions and representations of facts regarding the use of the confusingly similar and deceptive trade name "QUICK-FIX JEWELRY" is likely to influence the consuming public with regard to the use of on-site jewelry repair

facilities.

37.     Defendants' above alleged conduct of unfair competition is malicious and oppressive, and Defendants have willfully and deliberately committed such malicious and oppressive conduct.  As a result, JRE and its franchisees have suffered great and irreparable harm and are therefore entitled to receive the maximum damages allowable under the Lanham Act from and against the Defendants.

38.     Defendants will continue to commit the above alleged malicious and oppressive acts of false advertising, and as a result, JRE and its franchisees will continue to suffer great and irreparable harm, unless Defendants are enjoined from committing such acts.

**WHEREFORE**, Plaintiff Jewelry Repair Enterprises, Inc. respectfully requests the entry of judgment in its favor and against and against Defendants Quick Fix Jewelry, Inc. and Artin Hitik as follows:

A.     That Defendants and any related corporate parents, shareholders, subsidiaries and affiliates, and each of their respective officers, directors, shareholders, agents, servants, attorneys, employees, all successors and assignees in interest and those persons in active concert of participation with Defendants be, during the pendency of this action, and thereafter permanently enjoined and restrained from:

a.     using or making any false or misleading representation of fact, including but not limited to any representation, either express or implied, that Defendants, their predecessors, affiliates or anyone associated therewith is associated with the Mark "FAST-FIX JEWELRY REPAIRS";

b.     using in any manner the phrase "QUICK FIX JEWELRY" or any other trademark or trade designation that is likely to cause consumer confusion as to source or

affiliation, to market and promote its jewelry and watch repair and related services; and

c.      infringing any trademark of Jewelry Repair Enterprises, Inc.;

B.      That this Court, pursuant to its authority under 15 U.S.C. §1118, order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of defendants and any related corporate parents, shareholders, subsidiaries and affiliates, and each of their respective officers, directors, shareholders, agents, servants, attorneys, employees, successors and assigns, and any and all persons, firms, associates incorporations, wholly or acting by, through, or under Defendants, or in aid or in conjunction with Defendants, and those in privity therewith, which represent, either expressly or implicitly, that Defendants' confusingly similar and deceptive mark "QUICK FIX JEWELRY" is associated with the Marks "FAST-FIX JEWELRY REPAIRS" and "FAST-FIX JEWELRY AND WATCH REPAIRS" be delivered up and destroyed;

C.      That Jewelry Repair Enterprises, Inc. recover all actual damages caused by Defendants' conduct as alleged herein;

D.      That this Court award to Jewelry Repair Enterprises, Inc. the maximum amount of damages allowable under the Lanham Act, 15 U.S.C. §1051 *et seq.*, including but not limited to treble damages;

E.      That Jewelry Repair Enterprises, Inc. be awarded all of its costs and expenses in connection with this action, including its reasonable attorneys fees; and

F.      That this Court award Jewelry Repair Enterprises, Inc. such other and further relief, both general and special, at law and in equity, to which Jewelry Repair Enterprises, Inc. is justly entitled and which this Court deems just, equitable and proper.

## COUNT III
## FALSE DESCRIPTION IN ADVERTISING
## UNDER LANHAM ACT SECTION 43

39.     JRE restates and realleges Paragraphs 1 through 24 as if fully set forth herein.

40.     Through the actions alleged herein, JRE is informed and believes, and based thereon, alleges that Defendants have willfully and intentionally violated §43(a)(1)(B) of the Lanham Act (15 U.S.C. §1125(a)(1)(B)) by using in commercial advertising or promotions the confusingly similar and deceptively misleading trade name "QUICK FIX JEWELRY" to misrepresent the nature, characteristics, and qualities of its or another's goods, services, or commercial activities.

41.     Defendants are and have been falsely and misleadingly representing to the relevant consuming public, including JRE's customers and potential customers, by way of commercial advertising and otherwise, that the Defendants' commercial establishment(s) are associated with the mark "FAST-FIX JEWELRY REPAIRS," when in fact they are not.

**WHEREFORE**, Plaintiff Jewelry Repair Enterprises, Inc. respectfully requests the entry of judgment in its favor and against and against Defendants Quick Fix Jewelry, Inc. and Artin Hitik as follows:

A.     That Defendants and any related corporate parents, shareholders, subsidiaries and affiliates, and each of their respective officers, directors, shareholders, agents, servants, attorneys, employees, all successors and assignees in interest and those persons in active concert of participation with Defendants be, during the pendency of this action, and thereafter permanently enjoined and restrained from:

a.     using or making any false or misleading representation of fact, including but not limited to any representation, either express or implied, that Defendants, their

predecessors, affiliates or anyone associated therewith is associated with the Mark "FAST-FIX JEWELRY REPAIRS";

b.      using in any manner the phrase "QUICK FIX JEWELRY" or any other trademark or trade designation that is likely to cause consumer confusion as to source or affiliation, to market and promote its jewelry and watch repair and related services; and

c.      infringing any trademark of Jewelry Repair Enterprises, Inc.;

B.      That this Court, pursuant to its authority under 15 U.S.C. §1118, order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of defendants and any related corporate parents, shareholders, subsidiaries and affiliates, and each of their respective officers, directors, shareholders, agents, servants, attorneys, employees, successors and assigns, and any and all persons, firms, associates incorporations, wholly or acting by, through, or under Defendants, or in aid or in conjunction with Defendants, and those in privity therewith, which represent, either expressly or implicitly, that Defendants' confusingly similar and deceptive mark "QUICK FIX JEWELRY" is associated with the Marks "FAST-FIX JEWELRY REPAIRS" and "FAST-FIX JEWELRY AND WATCH REPAIRS" be delivered up and destroyed;

C.      That Jewelry Repair Enterprises, Inc. recover all actual damages caused by Defendants' conduct as alleged herein;

D.      That this Court award to Jewelry Repair Enterprises, Inc. the maximum amount of damages allowable under the Lanham Act, 15 U.S.C. §1051 *et seq.*, including but not limited to treble damages;

E.     That Jewelry Repair Enterprises, Inc. be awarded all of its costs and expenses in connection with this action, including its reasonable attorneys fees; and

F.     That this Court award Jewelry Repair Enterprises, Inc. such other and further relief, both general and special, at law and in equity, to which Jewelry Repair Enterprises, Inc. is justly entitled and which this Court deems just, equitable and proper.

**COUNT IV**
**DILUTION OF FEDERALLY REGISTERED TRADEMARKS**
**UNDER SECTION 43(c) OF THE LANHAM ACT**

42.     JRE restates and realleges Paragraphs 1 through 24 as if fully set forth herein.

43.     JRE began using certain JRE Marks in or about 1987.  Since that time, JRE's Marks, which have been used continuously throughout the United States, have become distinctive and famous, and are symbolic of the extensive goodwill and consumer recognition built by JRE since use began.

44.     JRE's Marks include U.S. Trademark Registration Nos. 2,342,938; 2,348,361; and 2,378,790 for the mark "FAST-FIX JEWELRY REPAIRS," and U.S. Trademark Registration Nos. 3,048,421; 3,067,269; and 3,569,301, for the mark "FAST-FIX JEWELRY AND WATCH REPAIRS," all registered on the Principal Register of the United States Trademark Office, as well as common law trademark rights in and to the Marks.

45.     Defendant's mark is confusingly similar to JRE's Marks, and as such, is likely to cause confusion among consumers who will associate Defendants' mark and their services with JRE's Marks and its services and retail locations.

46.     In light of the fame of JRE's Marks, such confusion and association among consumers is likely to dilute JRE's Marks in violation of Section 43(c) of the Lanham Act (15 U.S.C. §1125(c)).

**WHEREFORE**, Plaintiff Jewelry Repair Enterprises, Inc. respectfully requests the entry

of judgment in its favor and against and against Defendants Quick Fix Jewelry, Inc. and Artin Hitik as follows:

A.     That Defendants and any related corporate parents, shareholders, subsidiaries and affiliates, and each of their respective officers, directors, shareholders, agents, servants, attorneys, employees, all successors and assignees in interest and those persons in active concert of participation with Defendants be, during the pendency of this action, and thereafter permanently enjoined and restrained from:

a.     using or making any false or misleading representation of fact, including but not limited to any representation, either express or implied, that Defendants, their predecessors, affiliates or anyone associated therewith is associated with the Mark "FAST-FIX JEWELRY REPAIRS";

b.     using in any manner the phrase "QUICK FIX JEWELRY" or any other trademark or trade designation that is likely to cause consumer confusion as to source or affiliation, to market and promote its jewelry and watch repair and related services; and

c.     infringing any trademark of Jewelry Repair Enterprises, Inc.;

B.     That this Court, pursuant to its authority under 15 U.S.C. §1118, order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of defendants and any related corporate parents, shareholders, subsidiaries and affiliates, and each of their respective officers, directors, shareholders, agents, servants, attorneys, employees, successors and assigns, and any and all persons, firms, associates incorporations, wholly or acting by, through, or under Defendants, or in aid or in conjunction with Defendants, and those in privity therewith, which represent, either expressly or implicitly, that Defendants' confusingly

similar and deceptive mark "QUICK FIX JEWELRY" is associated with the Marks "FAST-FIX JEWELRY REPAIRS" and "FAST-FIX JEWELRY AND WATCH REPAIRS" be delivered up and destroyed;

C.     That Jewelry Repair Enterprises, Inc. recover all actual damages caused by Defendants' conduct as alleged herein;

D.     That this Court award to Jewelry Repair Enterprises, Inc. the maximum amount of damages allowable under the Lanham Act, 15 U.S.C. §1051 *et seq.*, including but not limited to treble damages;

E.     That Jewelry Repair Enterprises, Inc. be awarded all of its costs and expenses in connection with this action, including its reasonable attorneys fees; and

F.     That this Court award Jewelry Repair Enterprises, Inc. such other and further relief, both general and special, at law and in equity, to which Jewelry Repair Enterprises, Inc. is justly entitled and which this Court deems just, equitable and proper.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT

47.     JRE restates and realleges Paragraphs 1 through 24 as if fully set forth herein.

48.     This Count arises under the common law trademark and unfair competition of the State of Illinois.

49.     Defendants have acted to compete unfairly by misappropriating JRE's work product and by trading on JRE's competitive advantage.  JRE has developed and marketed its services in association with the mark "FAST-FIX JEWELRY REPAIRS" through extensive efforts involving time, labor, skill, and money.  Defendants have used the confusingly similar and deceptive trade name "QUICK FIX JEWELRY" in competition with JRE, thereby gaining an unfair advantage because Defendants bore little or no burden of the expense of any

14

development of the recognition or goodwill associated with the mark "FAST-FIX JEWELRY REPAIRS."

50.     JRE's adoption and use in commerce nationwide by its use of the Mark "FAST-FIX JEWELRY REPAIRS" has given rise to common law rights in said Mark.  Defendants' use of the confusingly similar and deceptive trade name "QUICK FIX JEWELRY" infringes JRE's common law trademark rights in its Mark.

51.     Defendants' activities constitute unfair competition with JRE and an infringement of JRE's common law trademark rights in the phrase "FAST-FIX JEWELRY REPAIR."  Such unfair competition and infringement have caused and, unless enjoined, will continue to cause JRE to suffer irreparable harm.

52.     By reason of Defendants' acts in violation of laws of the State of Illinois as alleged above, JRE has suffered and will continue to suffer substantial damage to its business reputation and goodwill as well as diversion of trade and loss of profit in an amount not yet ascertained, for which JRE has no adequate remedy at law.

**WHEREFORE**, Plaintiff Jewelry Repair Enterprises, Inc. respectfully requests the entry of judgment in its favor and against and against Defendants Quick Fix Jewelry, Inc. and Artin Hitik as follows:

A.     That Defendants and any related corporate parents, shareholders, subsidiaries and affiliates, and each of their respective officers, directors, shareholders, agents, servants, attorneys, employees, all successors and assignees in interest and those persons in active concert of participation with Defendants be, during the pendency of this action, and thereafter permanently enjoined and restrained from:

a.      using or making any false or misleading representation of fact, including but not limited to any representation, either express or implied, that Defendants, their predecessors, affiliates or anyone associated therewith is associated with the Mark "FAST-FIX JEWELRY REPAIRS";

b.      using in any manner the phrase "QUICK FIX JEWELRY" or any other trademark or trade designation that is likely to cause consumer confusion as to source or affiliation, to market and promote its jewelry and watch repair and related services; and

c.      infringing any trademark of Jewelry Repair Enterprises, Inc.;

B.      That this Court, pursuant to its authority under 15 U.S.C. §1118, order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of defendants and any related corporate parents, shareholders, subsidiaries and affiliates, and each of their respective officers, directors, shareholders, agents, servants, attorneys, employees, successors and assigns, and any and all persons, firms, associates incorporations, wholly or acting by, through, or under Defendants, or in aid or in conjunction with Defendants, and those in privity therewith, which represent, either expressly or implicitly, that Defendants' confusingly similar and deceptive mark "QUICK FIX JEWELRY" is associated with the Marks "FAST-FIX JEWELRY REPAIRS" and "FAST-FIX JEWELRY AND WATCH REPAIRS" be delivered up and destroyed;

C.      That Jewelry Repair Enterprises, Inc. recover all actual damages caused by Defendants' conduct as alleged herein;

D.     That this Court award to Jewelry Repair Enterprises, Inc. the maximum amount of damages allowable under the Lanham Act, 15 U.S.C. §1051 *et seq.*, including but not limited to treble damages;

E.     That Jewelry Repair Enterprises, Inc. be awarded all of its costs and expenses in connection with this action, including its reasonable attorneys fees; and

F.     That this Court award Jewelry Repair Enterprises, Inc. such other and further relief, both general and special, at law and in equity, to which Jewelry Repair Enterprises, Inc. is justly entitled and which this Court deems just, equitable and proper.

Respectfully submitted,

Dated:  June 3, 2010                     JEWELRY REPAIR ENTERPRISES, INC.


By:   __/s/ James D. Roberts_____
           One of Its Attorneys

James D. Roberts – ARDC # 6202460
Chen Nelson Roberts Ltd.
203 N. LaSalle Street - 15th Floor
Chicago, IL  60601
(312) 782-4128
jroberts@chennelsonroberts.com